# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                        **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:24-CV-P5-JHM**

**NEIL KERR** *et al.*                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Versace Alan Scott brings this action against Logan County District Attorney Neil Kerr, Logan County Attorney Elizabeth O'Neal Teal, Logan County Attorney Joe Ross, and the Logan County Attorney's Office.

Plaintiff makes the following allegations in the complaint:

I've been almost killed by Logan County Sherrif Department twice once on 10-13-22 an hit and run on my motorcycle and then a cop put fake charges on me with [] Ross and [] Teal and I was wrongfully imprisoned for 7 months then and I reported this to [] Ross and [] Teal and told them they failed to report the crimes to FBI which I have a open case they said I was high and mentally insane sent me to a mental hospital where I was declared sane failure to report that and drop my false charges led to me on August 19, 2023, being kidnapped by the Sherrif's Department and false felony's brought against me in the District Attorney's Office where I reported this to Neil Kerr who is the District Attorney in felony court and he was written a letter told I was kidnapped by Sherrif Department and wrongful imprisoned and my life was put in danger . . . . Left me wrongfully imprisoned since August 19, 2023, still incarcerated an life in danger and won't take the fake charges off of me . . . .

As relief, Plaintiff seeks damages and release from jail.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

 "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  Logan County Attorney's Office and Official-Capacity Claims

The Sixth Circuit has held that county attorney offices are agencies of the state.  *Lamb v. Wallace*, No. 16-6253, 2017 U.S. App. LEXIS 16591, at * 4 (6th Cir. July 13, 2017) ("The Warren County Attorney's Office is an agency of the state.") (citing Ky. Rev. St. § 15.725; *Benton v. Louisville Ky. Child Support Div.*, No. 2013-CA-001250-MR, 2014 Ky. App. Unpub. LEXIS 298, at *4-5 (Ky. Ct. App. Apr. 18, 2014)).  State agencies are not considered "persons" for purposes of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  In addition, the Eleventh Amendment bars § 1983 suits against state agencies.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Similarly, Plaintiff's official-capacity claims against Defendants Kerr, Teal, and Ross fail because county attorneys are state officials.  *See*, *e.g.*, *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the [county] prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Rogers v. Hill*, No. 4:05CV-35-M, 2005 U.S. Dist. LEXIS 10400, at *2 (W.D. Ky. May 31, 2005) ("[P]recedent shows that when a local prosecutor is enforcing state law or policy,

the prosecutor is acting as an agent of the state."). State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will,* 491 U.S. at 71. Moreover, claims against state officials sued in in their official capacities are deemed claims against the Commonwealth of Kentucky and are therefore barred by the Eleventh Amendment. *Graham*, 473 U.S. at 169.

Accordingly, Plaintiff's claim against the Logan County Attorney's Office and his official-capacity claims against Defendants Kerr, Teal, and Ross must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

### B.  Individual-Capacity Claims

"Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that the prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). Thus, Plaintiff's individual-capacity claims against Defendants Kerr, Teal, and Ross for bringing "false" charges against him which have caused his "wrongful imprisonment" fail to state a claim upon which relief may be granted.

As to Plaintiff's other claims against these Defendants, the Court need not determine whether they are entitled to prosecutorial immunity for their alleged failure to report various crimes committed against Plaintiff to the FBI because Plaintiff points to no federal law or constitutional rule which this alleged failure to report violates, as § 1983 requires.

4

Thus, the Court will dismiss Plaintiff's individual-capacity claims against Defendants Kerr, Teal, and Ross for failure to state a claim upon which relief may be granted.

## C.  Injunctive Relief

Finally, to the extent that plaintiff seeks release from custody, the proper mechanism for an inmate to challenge his present physical custody is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:  January 31, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.011